# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**DAVID LIBRACE**                                                                    **PLAINTIFF**

**CASE NO. 2:18-CV-164-JM-BD**

**JOHN THURSTON, Arkansas**
**Secretary of State,** *et al.*                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party to this suit may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, the parties may waive the right to appeal questions of fact.

**II.   Introduction:**

Mr. Librace filed this suit without the help of a lawyer on November 26, 2018, claiming election irregularities and fraud in the November 6, 2018 general election in Phillips County, Arkansas. (Docket entry # 2) Mr. Librace sued Mark Martin,[1] in his

---

[1] On January 15, 2019, newly elected Secretary of State John Thurston was substituted as the party defendant. (#10)

official capacity as Arkansas Secretary of State ("Secretary of State"), as well as the Phillips County Election Commission ("Commission") and its individual commissioners, all in their official capacities ("separate defendants"). (*Id*.)

Mr. Librace's claims stem from a November 8, 2018 article that appeared in the Arkansas Democrat Gazette titled "*Some Counties Late Reporting Vote Results*."[2] (#2, #37) In the article, Defendant Mark Lynn is quoted as explaining that the Commission's delay in verifying election results was caused by absentee ballots having been "fouled up" and some provisional votes having been illegally submitted. (*Id*. at 3) Relying exclusively on the article, Mr. Librace asserts that the election results were flawed and that he and the citizens of Phillips County were denied their right to have their "vote counted and voice heard." (*Id*.)

Mr. Librace also broadly asserts that similar voting irregularities occurred in the May 2018 primary election. (#2 at 4, #37 at 4) He contends that the Defendant Commission had a duty to report and investigate fraud; that the State should not accept the official results absent an investigation;[3] and that the Defendants violated his rights guaranteed by 42 U.S.C. § 1983 and the Fourteenth Amendment to have his vote counted pursuant to state and federal constitutional procedures. (*Id*.)

---

[2] The original article was not attached to the complaint; however, Mr. Librace provides a purported transcription of it. (#2, #37)

[3] Phillips County election results were certified and presented on the Secretary of State's website as of November 26, 2018. See https://results.enr.clarityelections.com/AR/Phillips/92229/Web02.222611/#/

In his complaint and in a separate motion, Mr. Librace sought temporary injunctive relief and the prevention of "any further form of harassment and slander." (#2 at 5, #5) Judge Moody denied the request for emergency injunctive relief on December 19, 2018. (#6) Mr. Librace has since amended his complaint to include a request for declaratory relief, another request for injunctive relief, and a demand for civil penalties. (#37)

Defendants have moved to dismiss both the original and amended complaints. (#7, #33, #40, #44) The Secretary of State argues that Mr. Librace's claims should be dismissed because he lacks standing, has alleged no injury in fact, and has failed to state a claim. (#7, #44) (relying on 28 U.S.C. § 1915(e); FED. R. CIV. P 12(b)(1), 12(b)(2), and 12(b)(6)). Separate defendants have also moved to dismiss, arguing that Mr. Librace has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (#33, #40) For the reasons set forth below, Mr. Librace's claims against all of the Defendants should be dismissed because he lacks standing and has failed to state a federal claim for relief.

### III.   Analysis:

#### A.   Standing

An assertion that a claim arises under federal law does not in itself establish jurisdiction. Rather, a plaintiff must also establish standing to bring the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is a jurisdictional issue that cannot be waived. *Sierra Club v. Robertson*, 28 F.3d 753, 757 n.4 (8th Cir. 1994). To establish standing, a plaintiff must show that he suffered an injury in fact that is fairly

traceable to the conduct of the defendant and that the injury is likely to be redressed by a favorable judgment. *Lujan*, 504 U.S. at 560-61, see also *Demien Constr. Co. v. O'Fallon Fire Prot. Dist.*, 812 F.3d 654, 656 (8th Cir. 2016). Mr. Librace has not demonstrated that he has standing to bring this case.

"A citizen's right to a vote free of arbitrary impairment by state action has been judicially recognized as a right secured by the Constitution, when such impairment resulted from dilution by a false tally, or by a refusal to count votes from arbitrarily selected precincts, or by a stuffing of the ballot box." *Baker v. Carr*, 369 U.S. 186, 208 (1962) (internal citations omitted). Mr. Librace has demonstrated none of these impairments.

Importantly, Mr. Librace has not asserted that he is a registered voter or even that he voted in the November 6, 2018 election. In his response to the Defendants' motions to dismiss, Mr. Librace raised for the first time that he was a mayoral candidate in Helena-West Helena, but he still has not asserted that he voted or that his vote was not fairly counted. (#46) He does not identify a single other voter whose vote was not counted, a fraudulent provisional vote that was counted, or any specific allegations of known fraud. And, as for the alleged election irregularities, Mr. Librace has not demonstrated that any of the defendants verified fraudulent election results. Rather, relying exclusively on comments in a newspaper article, Mr. Librace asserts that he and "the citizens of Phillips County" were denied the right to have their votes counted pursuant to state and federal constitutional procedures. (#2 at 4, #37 at 4). This contention does not establish standing.

4

"The Supreme Court has 'consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" *Mondy v. Messina*, No. 2:17-CV-104-JLH, 2017 WL 3699852, *4 (E.D. Ark. Aug. 25, 2017) (citing *Lance v. Coffman*, 549 U.S. 437, 439-440 (2007) (quotation and citation omitted)). "Every citizen possesses a right to demand that the government be administered according to law," but "this general right does not entitle a private citizen to institute [a suit] in the federal courts." *Id.* (internal citations omitted).

Mr. Librace has pointed to no "injury in fact" to satisfy constitutional standing requirements. *Lujan*, 504 U. S. at 560. While voter claims of "the denial of equal treatment or voter dilution" may satisfy the injury-in-fact requirement of standing, "[c]laims that 'merely seek to protect an asserted interest in being free of an allegedly illegal electoral system' do not." *Mondy*, *supra* (citing *Nolles v. State Comm. for Reorganization of Sch. Dists.*, 524 F.3d 892, 900 (8th Cir. 2008)). Mr. Librace's amorphous claims of election irregularities and fraud do not amount to an injury particular to him or to any discrete group. In fact, just as with the plaintiff in *Mondy*, Mr. Librace fails to assert any "particularized stake in the litigation," but instead, sharing—at the most—an alleged injury suffered by every citizen of Phillips County, Arkansas. *Id.* (citing *Lance*, 549 U.S. at 442).

B.     Failure to State a Claim

As a *pro se* plaintiff, Mr. Librace's lawsuit is subject to the court's continuing *sua sponte* review under 28 U.S.C. § 1915(e)(2). Pursuant to § 1915(e)(2), this court is required to review a *pro se* plaintiff's complaint to determine whether summary dismissal is appropriate. The court must dismiss a complaint, or any portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Similarly, FED. R. CIV. P. 12(b)(6) provides for dismissal of claims that fail to state a claim upon which relief can be granted.

"Under either 28 U.S.C. § 1915(e)(2)(B)(ii) or Rule 12(b) of the Federal Rules of Civil Procedure, the court must construe the allegations of a complaint in the light most favorable to the plaintiff." *Tyler v. Green*, No. 8:07-CV-124, 2007 WL 3124533, *4 (D. Neb. Oct. 22, 2007)(citing *Goodroad v. Bloomberg*, 129 F.3d 121 (Table), 1997 WL 633078, *1 (8th Cir. 1997)(affirming dismissal of *pro se* prisoner complaint with prejudice upon review under 28 U.S.C. § 1915(e)(2)(B)(ii) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying FED. R. CIV. P. 12(b)(6) standard of review to section 1915(e)(2)(B)(ii) dismissal) and *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994)(applying Rule 12(b)(6) standard of review)).

Mr. Librace's complaint must be liberally construed; even so, it must include enough specific facts to state a claim for relief. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint based on "naked assertions devoid of further factual enhancement" will not suffice) (internal citations omitted). "[W]here the well-pleaded facts do not

6

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief." *Id*. at 679 (internal citations omitted). If a *pro se* plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

Section 1983 permits civil actions against persons who, under color of law, deprive a citizen of his rights, privileges, or immunities secured by the Constitution and laws of the United States. *Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006). "To establish a constitutional violation based on voter irregularities, election officials must have engaged in invidious discrimination or intentional misconduct." *Minn. Voters All. v. Ritchie*, 890 F. Supp. 2d 1106, 1112 (D. Minn. 2012), aff'd, 720 F.3d 1029 (8th Cir. 2013) (citing *Hennings v. Grafton*, 523 F.2d 861, 864–65 (7th Cir. 1975)). Recognizing that the law governing allegations of election error under §1983 is well settled, the Eighth Circuit noted that "irregularities caused by mechanical or human error and lacking in invidious or fraudulent intent" do not warrant relief under § 1983. *Minn. Voters All. v. Ritchie*, 720 F.3d at 1032 (citing *Hennings*, *supra*).

Mr. Librace has not alleged discrimination because of race and has not alleged any intentional interference with his right to vote. He has made no allegations that any of the Defendants engaged in behavior, intentional or negligent, which disenfranchised or discriminated against him or against any class of voter. He has not asserted that the was denied the right to vote or that his vote was not counted. Rather, his claims suggest

7

nothing more than the "mere possibility of misconduct" "caused by mechanical or human error" and are devoid of any factual support. *Iqbal*, 556 U.S. at 678.

Perhaps recognizing as much, Mr. Librace asks for discovery arguing that, without discovery, the "exact voting irregularities, voting fraud, and . . . knowledge of each defendant" cannot be known. (#36 at 2, #46 at 2) Discovery, however, is not a salve for failing to state a claim upon which relief can be granted.

> A plaintiff's expression of the hope that, if [s]he were allowed to take discovery, something might turn up that would support one of h[er] claims is not a sufficient basis for overcoming a motion to dismiss. If it were, Rule 12(b)(6) motions would rarely be granted, as any plaintiff in any case can argue that, if [s]he is allowed to take discovery, [s]he might find something helpful. The law demands more of plaintiffs.

*Baker v. CitiMortgage, Inc.*, No. 17-CV-02271-SRN/KMM, 2018 WL 1838060, at *9 (D. Minn. Apr. 18, 2018), aff'd, 753 Fed. Appx. 428 (8th Cir. 2019)(unpublished) (citing *Triemert v. Wash. Cty.*, No. 13–CV–1312 (PJS/JSM), 2013 WL 6729260, at *1 (D. Minn. Dec. 19, 2013), aff'd, 571 Fed. App'x 509 (8th Cir. 2014)).

Additionally, federal courts have long recognized that the "power to control the disposition of contests over elections to . . . state and local offices," as well as validity of a ballot or ballot procedures, is a question of state law. *Roberts v. Wamser*, 883 F.2d 617, 622 (8th Cir. 1989) (citations omitted). Arkansas provides the electorate, as well as candidates, avenues to raise concerns over election proceedings and to challenge results. See ARK. CODE ANN. § 4-5-801 & § 7-4-120. Mr. Librace did not avail himself of that process, explaining that he believes only "voter registration complaints" could be made. (#46 at 3, 7) For his benefit, it appears, a plain reading of the statute does not support his

belief. Arkansas Code Annotated § 7-4-120(a) gives the State Board of Election Commissioners the power to investigate "alleged violations . . . of election *and* voter registration laws." Similarly, the citizen complaint form, which Mr. Librace attaches to his response, cites the same statute and provides that a complaint must be filed within thirty days of the alleged voter registration violation *or* the election associated with the complaint. Moreover, Arkansas provides candidates 20 days to contest an election before the votes are certified. *See* ARK. CODE ANN. § 7-5-801.

Mr. Librace had an adequate state law remedy, which he failed to exhaust. His failure to pursue a remedy in state court precludes the Court from considering any alleged constitutional violations now. *Minn. Voters All.*, 890 F. Supp. 2d at 1113 (citing *Parratt v. Taylor*, 451 U.S. 527, 542-22 (1981) (overruled on other grounds)).

## IV. Conclusion:

For all the stated reasons, the Court recommends that Defendants' motions to dismiss (#7, #33, #40, #44) be GRANTED, and Mr. Librace's lawsuit be DISMISSED, without prejudice.

DATED this 23rd day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE